**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER HARTMAN,

          Plaintiff,

v.

                                 Case No. 3:26-cv-614-WWB-LLL

JACKSONVILLE SHERIFF'S OFFICE,

          Defendant.

_____

## ORDER

Plaintiff Christopher Eugene Hartman, a pretrial detainee at Montgomery Correctional Center, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff names a single Defendant, Jacksonville Sheriff's Office ("**JSO**"), and alleges claims of excessive use of force, malicious prosecution, the denial of medical care, and due process violations.  (*Id.* at 2, 3, 4–5).  As relief, Plaintiff seeks monetary damages.  (*Id.* at 5).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] As Plaintiff has not paid the filing fee, the Court presumes Plaintiff's desire to proceed in forma pauperis.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

Here, Plaintiff's complaint is subject to dismissal under the PLRA for his failure to state a plausible claim under § 1983. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013)[2]; *see also Mellen v. Florida*, No. 3:13-cv-1233-J, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); *Donovan v. Parker*, No. 6:10-cv-

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

855, 2010 WL 3259717, at \*2–3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued).  Thus, because the sole named Defendant is not subject to suit, Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 31, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12
C:   Christopher Hartman, #2026000422

3